UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 16-24507-CIV-MORENO

SHELITHEA HALLUMS,

      Plaintiff,

vs.

INFINITY INSURANCE COMPANY and
INFINITY AUTO INSURANCE COMPANY,

      Defendants.
_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND DENYING DEFENDANTS' MOTION TO DISMISS

THE MATTER was referred to the Honorable John J. O'Sullivan, United States Magistrate Judge, for a Report and Recommendation on Defendants' Motion to Dismiss, filed on **November 22, 2016**. The Magistrate Judge filed a Report and Recommendation **(D.E. 21)** on **June 2, 2017**. The Court has reviewed the entire file and record. The Court has made a *de novo* review of the issues that the objections to the Magistrate Judge's Report and Recommendation present, and being otherwise fully advised in the premises, it is

**ADJUDGED** that United States Magistrate Judge John J. O'Sullivan's Report and Recommendation is **AFFIRMED** and **ADOPTED**.

## ANALYSIS

Defendants assert that Plaintiff's Complaint must be dismissed with prejudice because each claim is based upon Plaintiff's allegation that the Graves Amendment, 49 U.S.C. § 30106, forecloses the possibility of lessor liability and therefore the Lessor Liability Endorsement constitutes no additional insurance coverage. In support of their motion, Defendants make four

principal arguments: (1) the filed-rate doctrine precludes judicial review of rates which have been approved by regulatory agencies such as the Florida Office of Insurance Regulation ("OIR"); (2) the doctrine of primary administrative jurisdiction favors adjudication of Plaintiff's grievances by the OIR; (3) the Lessor Liability Endorsement provides Plaintiff a non-illusory benefit; and (4) Plaintiff cannot prevail on her unjust enrichment claim (Count II) because a contract exists between Plaintiff and Defendants.

I. **Filed-Rate Doctrine**

Defendants contend that Plaintiff's claims must be dismissed with prejudice because the essence of each of Plaintiff's claims is in fact a challenge to the reasonableness of the premium or rate charged by Defendant for automobile insurance coverage. Plaintiff counters that she does not challenge the premium amount that Defendants charge for the Lessor Liability Endorsement. Rather, Plaintiff challenges that Defendants charge such premiums to begin with.

"The filed-rate doctrine recognizes that where a legislature has established a scheme for rate-making, the rights of the rate-payer in regard to the rate he paid are defined by that scheme." *Saccoccio v. JP Morgan Chase Bank, N.A.*, 297 F.R.D. 683, 692 (S.D. Fla. 2014) (citing *Taffet v. Southern Co.*, 967 F.2d 1483, 1491-92 (11th Cir. 1992)). While the filed-rated doctrine would bar claims challenging the actual rates of the Lessor Liability Endorsement, Plaintiff does not challenge the rate itself. Plaintiff challenges the alleged illusory nature of the policy – namely, whether it provides insurance at all. In keeping with precedent from this Court and many other courts that have considered the issue, the Court declines to apply the filed-rate doctrine. *E.g.*, *Almanzar v. Select Portfolio Servicing, Inc.*, No. 14-cv-22586, 2015 WL 1359150, at *2 (S.D. Fla. Mar. 24, 2015); *Jackson v. U.S. Bank, N.A.*, 44 F. Supp. 3d 1210 (S.D. Fla. 2014). As noted by Magistrate Judge O'Sullivan in his Report and Recommendation ("R&R"), the issue is not

whether Defendants can charge a specific rate for lessor liability coverage. Rather, the issue is whether Defendants can legally charge for **any** lessor liability coverage. Accordingly, the Court denies the motion based on the filed-rate doctrine.

## II. Doctrine of Primary Administrative Jurisdiction

Defendants argue that Plaintiff's claims should be dismissed under the doctrine of primary administrative jurisdiction. "Where the issues raised require the expertise of administrative agencies, federal courts often decline to exercise the jurisdiction and refuse to hear the claim based on the doctrine of primary jurisdiction." *Tampa Interstate 75 Ltd. P'ship v. Fla. Gas Transmission Co.*, 294 F. Supp. 2d 1277, 1279 (M.D. Fla. 2003). Defendants note that the OIR has primary jurisdiction over the setting of insurance rates and Florida law requires that an insured challenge a rate by providing written notice to the insurance company, complaining to the OIR, and seeking review through Florida's District Courts of Appeal. *See* Fla. Stat. § 627.371(1). Thus, Defendants argue that the OIR would be best suited to handle Plaintiff's grievance regarding the Lessor Liability Endorsement. The doctrine of primary administrative jurisdiction is inapplicable in this case because, as with the filed-rate doctrine, the Plaintiff's challenge is not to the Defendants' rate for the Lessor Liability Endorsement. The gravamen of Plaintiff's Complaint is whether the Lessor Liability Endorsement charged by Defendants is permissible under the Graves Amendment, not whether Plaintiff's challenge is proper according to the administrative procedure required by Florida law. Accordingly, the Court denies the motion based on the doctrine of primary administrative jurisdiction.

## III. Whether the Lessor Liability Endorsement provides Plaintiff a non-illusory benefit

Defendants next argue that Plaintiff's claims must be dismissed because the Lessor Liability Endorsement provides coverage or at the very least a benefit. Defendants object to the

3

Report and Recommendation because it "focused on whether an extremely narrow interpretation of the policy supposedly rendering it illusory was plausible in the abstract, without applying Florida's standards for insurance policy interpretation." Obj. at 5 (internal quotations omitted). In essence, Defendants ask this Court to apply the tenets of Florida insurance contract construction to address the sufficiency of Plaintiff's Complaint: "The relevant question is whether a single scenario exists under which coverage could be found under the endorsement." Obj. at 4.

At the motion to dismiss stage, the Court's analysis is generally limited to the four corners of the complaint and the attached exhibits. *Grossman v. Nationsbank*, 225 F.3d 1228, 1231 (11th Cir. 2000). The Court must accept the non-moving party's well-pleaded facts as true and construe the complaint in the light most favorable to that party. *Caravello v. Am. Airlines, Inc.*, 315 F. Supp. 2d 1346, 1348 (S.D. Fla. 2004) (citing *United States v. Pemco Aeroplex, Inc.*, 195 F.3d 1234, 1236 (11th Cir. 1999)) (*en banc*). To survive a motion to dismiss, the complaint must contain factual allegations "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The question before this Court is whether the well-pleaded factual allegations in Plaintiff's Complaint plausibly give rise to an entitlement of relief. At this stage, the Court's role is not to issue a coverage declaration. *See* Obj. at 7 ("[T]he R&R should have interpreted the contract as a matter of law based on its language, not Plaintiff's legal conclusions.") The Lessor Liability Endorsement states in pertinent part: "This additional coverage will apply to damages your lessor becomes legally obligated to pay that arise from and are legally related to a loss covered under your policy." (emphasis omitted). As Magistrate Judge O'Sullivan noted, under

4

Part A of the policy, the insurer will only pay damages for which the insured is "legally liable." R&R at 12-13. Thus, if an accident results in damages for which the insured is **not** legally liable, then the Lessor Liability Endorsement would not trigger because it only provides coverage for damages the "lessor becomes legally obligated to pay that arise from and are legally related to a loss covered under [the] policy." *Id.* at 13. Accordingly, the Court denies the Defendants' motion to dismiss because Plaintiff's allegation that the Lessor Liability Endorsement is only triggered when the insured is legally liable – thereby violating the Graves Amendment – plausibly gives rise to an entitlement of relief.

### A. Whether the Lessor Liability Endorsement imposes the duty to defend, thereby making the policy non-illusory

Defendants argue that "even if the lessor liability endorsement provided no direct coverage for vicarious lessor liability, it still confers a benefit in that it protects the lessor from the cost of defending such claims through the duty to defend that arises when a claim is asserted against a lessor." Motion at 13. However, relying on Plaintiff's allegation that the Lessor Liability Endorsement would not cover a lessor's own negligence, it is plausible that Defendants would not be legally obligated to defend a claim based on the endorsement. Accordingly, the Court denies the motion based on the duty to defend.

### IV. Unjust enrichment claim

Finally, Defendants argue that Plaintiff's unjust enrichment claim must be dismissed because the insurance policy constitutes a contract that governs the rights between the parties. Obj. at 20. Because the Court finds that a plausible scenario exists whereby the Lessor Liability Endorsement provides no coverage for lessor liability, then the endorsement would not be

included as part of the contract. Accordingly, the Court denies the motion based on Defendants' argument of an existing contract. Accordingly, it is

    **ADJUDGED** that Defendants' Motion to Dismiss is DENIED.

    DONE AND ORDERED in Chambers at Miami, Florida, this 21st of September 2017.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

United States Magistrate Judge John J. O'Sullivan

Counsel of record