UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 16-24507-CIV-MORENO

SHELITHEA HALLUMS,

    Plaintiff,

vs.

INFINITY INSURANCE COMPANY and
INFINITY AUTO INSURANCE COMPANY,

    Defendants.
_____/

## ORDER GRANTING MOTION TO JOIN PLAINTIFF CASTILLO'S LESSOR UNDER RULE 19

I. **Background**

This case presents the following question: whether a Lessor Liability Endorsement in Plaintiffs' automobile insurance policies provides insurance at all, or whether they are illusory. Plaintiffs maintain that the Graves Amendment, 29 U.S.C. § 30106, forecloses the possibility of lessor liability and therefore, the Endorsement constitutes no insurance coverage. Defendant vehemently disagrees. The Court previously denied Defendants' Motion to Dismiss because Plaintiff Hallums's well-pleaded factual allegations plausibly stated an entitlement to relief. Defendants now seek to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(7) or alternatively, to join Plaintiff Castillo's lessor under Federal Rule of Civil Procedure 19. Plaintiff Castillo's lessor should be joined as a party pursuant to Federal Rule of Civil Procedure 19 because they have a legally protected interest in this action and joining the lessor will not defeat the Court's subject matter jurisdiction.

II. **Analysis**

**Rule 12(b)(7) Motion to Dismiss**

Defendants first argue that the Complaint should be dismissed, pursuant to Federal Rule of Civil Procedure 12(b)(7), for failure to join an indispensable party—Plaintiff Castillo's lessor.[1]

Dismissal under Rule 12(b)(7) is a "two-step inquiry." *State Farm Mut. Auto Ins. Co. v. Performance Orthopaedics & Neurosurgery, LLC*, No. 17-20028, 2017 WL 4270620, at *18 (S.D. Fla. Sep. 25, 2017) (quoting *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1344 (11th Cir. 2011)). First, Defendants must establish that Castillo's lessor is a "required" party as defined by Federal Rule of Civil Procedure 19(a). *Id.* An absent party is generally not required because it would be convenient for the resolution of the dispute, *Clay v. AIG Aerospace Ins. Servs., Inc.*, 61 F. Supp. 3d 1255, 1266 (M.D. Fla. 2014), instead an absent party is required where (1) the Court cannot accord complete relief among the existing parties; (2) prejudice would result to the absent party's ability to protect itself in the instant action; or (3) the nonparty's absence would create a substantial risk that the existing parties would incur consistent or duplicative obligations. *Raimbeault v. Accurate Mach. & Tool, LLC*, 302 F.R.D. 675, 682-83 (S.D. Fla. 2014).

Second, if the absent party is required, the Court must order that party joined if feasible, *i.e.*, if joinder would not deprive the Court of subject matter jurisdiction. *Id.* at 682; *see also* Fed. R. Civ. P. 19(a)(2). If the nonparty cannot be joined, the Court must analyze the factors in Rule 19(b) to determine whether "in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person thus regarded as indispensable."

---

[1] Defendants submit that Plaintiff Castillo's lessor is Land Rover of North Dade, LLC and the lease is assigned to J.P. Morgan Chase Bank., N.A. *See* D.E. 61 Ex. A.

*Compania Chilena De Navegacion Interoceanica, S.A. v. D.H.C. Trucking, Inc.*, No. 15-22494, 2016 WL 1722425, at *3 (S.D. Fla. Apr. 29, 2016).

**Rule 19(a)(1)(b)**

To require joinder of Castillo's lessor under Rule 19, Defendants must establish that the lessor claims an interest relating to the subject of this action, and is so situated that disposing of the action in its absence may, (i) impair or impede its ability to protect its interest or (ii) leave Defendants subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the lessor's interest. Fed. R. Civ. P. 19(a)(1)(b). The Court finds that Defendants have met their burden.

The crux of Defendants' argument is that joining Castillo's lessor is the only way to protect the lessor's interest in the coverage provided by the Endorsement in Castillo's insurance policy. Plaintiffs' counter that the Endorsement is not an enforceable contract because it is "not insurance," and therefore, a lessor should not be joined because they are not a party to an enforceable contract. *See* D.E. 51 at 2 ("Simply, Defendants cannot establish that there is an insured under the Rider without first showing that the Rider is insurance, a task in which they already failed."). Plaintiffs' argument presupposes that the Court has found the Endorsement to be illusory. To date, the Court has made no such ruling. In denying Defendants' Motion to Dismiss, the Court simply ruled that, viewing the facts in the light most favorable to Plaintiff Hallums, and taking all well-pleaded factual allegations as true, Plaintiff had adequately pleaded a plausible entitlement to relief.

Defendants maintain that Castillo's lessor is a required party because they are the named insured in the Endorsement, and therefore, they have a legally protected interest related to whether the Endorsement should be enjoined or declared illusory. In addition, Defendants

suggest the lessor has an interest in maintaining the Endorsement so that: (i) the lease terms are honored; (ii) they are able to be defended in any action against them arising out of an accident involving one of their leased vehicles; (iii) they can be indemnified against any loss arising from an accident; and (iv) so that the leased vehicles are protected against property damage claims. Assuming *arguendo* that the Endorsement was deemed illusory, then Castillo's lessor would surely have a legally protected interest in exercising any contractual rights afforded to it under the Endorsement, as well as taking other steps to mitigate its liability.

Furthermore, Castillo's lessor is a party to the Endorsement contract. *See Raimbeault*, 302 F.R.D. at 684 ("In cases challenging the enforceability or validity of a contract, joinder of all parties to that contract will typically be required . . . because the absent contract party has a legally protected interest in the outcome of the litigation."). The presently absent lessor is a named insured in the Endorsement, a contract between Plaintiff Castillo and Defendants. A ruling on the Endorsement's legality will undoubtedly affect the contract between Castillo and his lessor, and all other Plaintiffs in this putative class action, and their lessors.

If, as Plaintiffs suggest, the Court deferred on joining a nonparty until the merits of the Endorsement's viability were adjudicated, the Court would ostensibly never join a party pursuant to Rule 19, because the nonparty's interest would only ripen once the case had been fully litigated. At that point, it would be too late and the nonparty's ability to protect itself would have been substantially impaired. The question before the Court is whether Defendants have met their burden of showing that Castillo's lessor has a legally protected interest in this action. For the foregoing reasons, the Court believes they have. Accordingly, Castillo's lessor should be joined as a party pursuant to Rule 19.

### Rule 19(a)(2)

Having found that Castillo's lessor must be joined as a party pursuant to Rule 19, the next inquiry is whether joinder is feasible, or will deprive the Court of subject matter jurisdiction. The Court's jurisdiction is grounded on the Class Action Fairness Act, which provides for subject matter jurisdiction over class actions where (1) there is minimal diversity – *i.e.*, any member of the plaintiff class is a citizen of a state different from the state of citizenship of any defendant; (2) the amount in controversy exceeds $5,000,000. *Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1163 (11th Cir. 2006) (citing 28 U.S.C. § 1332(d)(2)). In this case, Plaintiffs explicitly allege greater than $5,000,000 in controversy in the Amended Complaint. In addition, both of the named Plaintiffs are allegedly domiciled in Florida and neither Defendant is domiciled in Florida, so minimal diversity exists. Thus, the issue is whether joining Castillo's lessor would defeat the Court's subject matter jurisdiction under the Class Action Fairness Act. The Court finds that it would not. Joining any new party will not affect the amount in controversy, nor will it eliminate that at least one Plaintiff will be diverse from at least one Defendant.

### III. **Conclusion**

Plaintiff Castillo's lessor should be joined as a party pursuant to Federal Rule of Civil Procedure 19 because they have a legally protected interest in this action and joining the lessor will not defeat the Court's subject matter jurisdiction. Accordingly, it is

**ADJUDGED** that Defendant's Motion to Join Plaintiff Castillo's lessor is GRANTED.

DONE AND ORDERED in Chambers at Miami, Florida, this 20*th* of February 2018.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

5

Copies furnished to:

Counsel of record