UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

## Case Number: 16-24507-CIV-MORENO

SHELITHEA HALLUMS,

      Plaintiff,

vs.

INFINITY INSURANCE COMPANY and
INFINITY AUTO INSURANCE COMPANY,

      Defendants.

_____/

## ORDER REQUIRING THAT PLAINTIFF CASTILLO'S LESSOR BE JOINED AS A DEFENDANT AND GRANTING LEAVE TO AMEND COMPLAINT

THIS CAUSE came before the Court upon Plaintiffs' Motion for Clarification **(D.E. 87)**,

filed on **March 7, 2018**.

THE COURT has considered the motion, the pertinent portions of the record, and being

otherwise fully advised in the premises, it is

**ADJUDGED** that Plaintiff Castillo's lessor be joined as a DEFENDANT because absent

the "proper case" exception,[1] which is not present here, "the preferred method is to designate and

serve involuntary parties as defendants . . ." *Eikel v. States Marine Lines, Inc.*, 473 F.2d 959, 961

(5th Cir. 1973).[2] Plaintiffs shall file a Second Amended Complaint no later than **March 26,**

**2018**, for the **sole purpose** of including Plaintiff Castillo's lessor as a DEFENDANT, thus

permitting the Clerk to issue a summons. Defendants shall file an answer to the Second

Amended Complaint no later than **April 2, 2018**.

---

[1] "The proper case is meant to cover only those instances where the absent party has either a duty to allow the plaintiff to use his name in the action or some sort of an obligation to joint plaintiff in the action." *Eikel*, 473 F.2d at 962 (internal quotations omitted).

[2] Fifth Circuit cases decided prior to October 1, 1981 are binding in the Eleventh Circuit. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

DONE AND ORDERED in Chambers at Miami, Florida, this ___19___ of March 2018.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of record